Per Curiam.
We discover no sufficient reason for interference with the disposition made of this motion by the learned judge at special term. It may be safely assumed, from the admitted publications, that defendant’s conduct towards this young lady has been quite unjustifiable, especially the recital in his printed form of contract for persons who apply to his “agency,” being under twenty-one years of age. If it be true that many copies of his publication were sent by mail to people in Queens county, some of whom were not his subscribers, it will be important for plaintiff to prove the fact.
A jury will probably conclude that that was the work of somebody who designed to injure the plaintiff; and, in view of the authorship of the publication itself, it is not likely that they will have much difficulty in determining who sent them or caused them to be sent. On the whole, we think that the convenience of witnesses who shall speak to the point of their receipt of such publications ought to be consulted, especially those who received the copies which were marked to invite their attention. Our experience shows us that parties somehow manage to get on at the trial without calling all or more than a very few of the persons whose names are used to swell a list in affidavits to *870 change the venue of actions. The general character of this case leads us to believe that it will form no exception to this general rule.
As to the suggestion that the plaintiff’s attorney has an undue influence over the jurors in Queens, we observe that he denies the fact, and we have seen nothing in the appeal papers to justify the imputation against the people of that county who are liable to jury duty.
In respect of the point that there have been some newspaper publications in Queens county reflecting upon plaintiff’s conduct towards this young lady, we observe that defendant has lost no opportunity of doing the same thing in Onandaga, so that it is not unlikely that one place is as good as the other in that respect. And if we may judge of the defendant’s energy in counteracting newspaper impressions in Queens, by the character of his articles, and the number of his publications sent into that county, we are inclined to think that if he fails to obtain justice in consequence of such impressions, It will not result from any omission on his part to circulate his side of the story in that locality.
On the whole, it seems to us that Queens county will accomodate the witnesses who testimony is material quite as well, if not better than Onandaga, and that, in other respects, Queens will be a very appropriate place in which to try this case.
The order is affirmed with $10 costs in favor of plaintiff, besides her disbursements.